UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY BRAXTON, )
)
        Plaintiff, )
)
v. ) Civil Action No. 18-2755 (UNA)
)
CRAIG ISCOE, )
)
        Defendant. )

## MEMORANDUM OPINION

    Defendant Craig Iscoe, an Associate Judge of the Superior Court of the District of Columbia, presides over the plaintiff's case. According to the plaintiff, Judge Iscoe has denied his request to appoint new counsel to represent him, and for this and other reasons, the plaintiff asks that Judge Iscoe be removed from the case.

    As a general rule, a federal district court lacks jurisdiction to review the decisions of other courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986). Plaintiff's claim is barred by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. The *Younger* doctrine, grounded in the " 'vital consideration' of the proper respect for the fundamental role of States in our federal system," *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, (1986) (quoting *Younger*, 401 U.S. at 44), cautions against the exercise of jurisdiction by lower federal courts over proceedings in D.C. Superior Court and the D.C. Court of Appeals. *JMM Corp. v. D.C.*, 378 F.3d 1117, 1122 (D.C. Cir. 2004). "Younger precludes federal adjudication where three criteria are met: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state

interests; and (3) the proceedings afford an adequate opportunity to raise the federal claims." *Delaney v. Dist. of Columbia*, 659 F.Supp.2d 185, 194 (D.D.C. 2009) (citing *Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996)).

Here, all three criteria are met: the Superior Court proceeding is undoubtedly judicial in nature; the District of Columbia has an important "interest in 'carrying out the important and necessary task' of enforcing its criminal laws," *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989) (quoting *Younger*, 401 U.S. at 51–52); and Plaintiff makes no allegation that he cannot raise his claims "before the state or local court in which he is already a party," *Dist. Properties Assocs. v. D.C.*, 743 F.2d 21, 28 (D.C. Cir. 1984). This analysis is sufficient to demonstrate that *Younger* principles require dismissal of Plaintiff's complaint and request to remove Judge Iscoe from his case.

Because this Court lacks jurisdiction over this matter, the Court grants the plaintiff's application to proceed *in forma pauperis* and dismisses the complaint. An Order is issued separately.

DATE: 12/31/18

Randolph D. Moss
United States District Judge